UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CONRAD A. ALLEN,

        Plaintiff,

v.                              Case No. 3:25-cv-432-MMH-MCR

RICKY DIXON,

        Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Conrad A. Allen, was an inmate of the Florida penal system when he initiated this case by filing a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1; Complaint). Allen has since been released from custody (Doc. 4). Allen also filed a request for leave to proceed in forma pauperis (Doc. 2).

In the Complaint, Allen names Ricky Dixon, in his official capacity as Secretary of the Florida Department of Corrections (FDOC), as the sole Defendant. Complaint at 2. Allen contends that on August 21, 2023, while housed at Columbia Correctional Institution, he fell down the stairs "because the [FDOC] failed to comply with [his] medical issued low tier, low bunk pass issued [on] August 11, 2023, after informing [the ]FDOC[]." Id. at 5. Allen

acknowledges that he has preexisting medical issues that warranted the low tier, low bunk pass, and after his fall, he "was diagnosed with additional injuries." Id. Allen further asserts that several months later, on May 3, 2024, he fell again because officials housed him on an upper tier. Id. at 7. As a result of the second fall, Allen aggravated his preexisting conditions and his injuries from the first fall. Id. Allen requests $150,000 "for future medical expenses" for each fall. Id. at 5, 7.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). As to whether a complaint fails to state a claim on which relief may be granted, the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[1] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

---

[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551

U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (alternation and internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 679. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

4

In assessing the Complaint, the Court must read Allen's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham, 654 F.3d at 1175. And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[2] (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Here, Allen's Complaint is due to be dismissed pursuant to this Court's screening obligation. First, insofar as Allen seeks to raise an official-capacity claim against Defendant, such claim would be the equivalent of suing the FDOC. See Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991). But the FDOC is not a "person" within the meaning of § 1983. Gardner v. Riska,

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

444 F. App'x 353, 355 (11th Cir. 2011). And the FDOC is immune from § 1983 liability for damages. Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986). Although injunctive relief may be available against the FDOC, Gamble v. Fla. Dep't of Health & Rehab. Servs., 779 F.2d 1509, 1511 (11th Cir. 1986), Allen does not request any injunctive relief. Regardless, he is no longer incarcerated; thus, he could not obtain injunctive relief from the FDOC because any such request would be moot. In any event, Allen fails to allege that an FDOC custom, policy, or practice violated his rights. See Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("[A] governmental entity is liable under § 1983 only when the entity itself is a moving force behind the deprivation; thus, in an official-capacity suit the entity's policy or custom must have played a part in the violation of federal law." (internal quotation marks and citations omitted)). Thus, Allen fails to state a plausible official-capacity claim against Dixon.

Second, insofar as Allen sues Dixon in his individual capacity, Allen fails to allege any facts showing that Dixon was involved in the decision to house Allen on an upper tier, and Dixon cannot be held liable simply due to his supervisory position. Indeed, "[s]upervisory officials are not vicariously liable under section 1983 for the unconstitutional acts of their subordinates." Ingram v. Kubik, 30 F.4th 1241, 1254 (11th Cir. 2022); see Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Such an official can only be held liable if he

6

"'personally participates in the alleged unconstitutional conduct' or 'there is a causal connection between the actions of [the] supervising official and the alleged constitutional deprivation.'" Smith v. Deal, 760 F. App'x 972, 975 (11th Cir. 2019) (quoting Cottone, 326 F.3d at 1360).

> There are three ways to establish a causal connection between a supervisor's actions and the unlawful conduct: 1) "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so"; 2) "when a supervisor's custom or policy results in deliberate indifference to constitutional rights"; or 3) "when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone, 326 F.3d at 1360 (citations and quotations omitted). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (quotations omitted). This "standard by which a supervisor is held liable in his individual capacity for the actions of a subordinate is extremely rigorous." Keith v. DeKalb Cnty., Ga., 749 F.3d 1034, 1048 (11th Cir. 2014).

Dickinson v. Cochran, 833 F. App'x 268, 272 (11th Cir. 2020). Allen does not allege that Dixon was personally involved in any alleged denial of his rights or that there was a causal connection between any action or inaction of Dixon and a violation of Allen's rights. Therefore, insofar as Allen is attempting to hold Dixon liable in his individual capacity, he fails to state a plausible claim.

7

Considering the foregoing, the Court finds this case is due to be dismissed without prejudice for Allen's failure to state a plausible claim for relief. Allen may refile his claims under 42 U.S.C. § 1983 with factual allegations sufficient to support a claim for relief if he elects to do so. Notably, pro se litigants are subject to the same law and rules of court that govern other litigants who are represented by counsel. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

Accordingly, it is

**ORDERED**:

1. This case is **DISMISSED without prejudice**.

2. The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of May, 2025.

*[Signature]*

MARCIA MORALES HOWARD
United States District Judge

JAX-3 5/12
c:
Conrad A. Allen